IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY DANIELS, | ) | No. C 04-1160 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **TO DISMISS AND MOTION** |
| v. | ) | **TO APPOINT COUNSEL;** |
| | ) | **GRANTING MOTIONS FOR** |
| P. MANDEVILLE, et al., | ) | **SERVICE OF PROCESS;** |
| | ) | **INSTRUCTIONS TO CLERK** |
| Defendants. | ) | |
| _____ | ) | **(Docket nos. 8, 10, 11, 12)** |

Plaintiff, a prisoner of the State of California, currently incarcerated at California State Prison-Lancaster, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights while incarcerated at Salinas Valley State Prison ("SVSP"). Defendants Assuncion and Mohler ("Defendants") filed a motion to dismiss pursuant to 28 U.S.C. § 1915(g), which is denied for the reasons set forth below (docket no. 8).  As further discussed below, Plaintiff filed a motion to appoint counsel (docket no. 10), which is denied; and motions for service of process (docket no. 11) and for extension of time to file service (docket no. 12), which are granted.

I.      **MOTION TO DISMISS**

Pursuant to Section 1915(g), Defendants move for dismissal of this prisoner civil rights action for damages under 42 U.S.C. § 1983 on the ground that Plaintiff cannot proceed in forma pauperis ("IFP") under § 1915 because he has had three or more previous dismissals and is not under imminent danger of serious physical injury.  The motion is denied because Defendants have not shown that Plaintiff has three or more

1     dismissals that qualify as "strikes" under § 1915(g).

2          The Prison Litigation Reform Act of 1995 ("PLRA") provides, among other

3     things, that a prisoner may not bring "a civil action or appeal a judgment in a civil action

4     or proceeding under [28 U.S.C. § 1915] if the prisoner has, on three or more prior

5     occasions, while incarcerated or detained in any facility, brought an action or appeal in a

6     court of the United States that was dismissed on the grounds that it is frivolous,

7     malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

8     is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

9          "[I]f defendants challenge a prisoner-plaintiff's *IFP* status, then the initial

10    production burden rests with the defendants. . . . [T]he defendants must produce

11    documentary evidence that allows the district court to conclude that the plaintiff has filed

12    at least three prior actions" that can be counted under § 1915(g). *Andrews v. King*, 398

13    F.3d 1113, 1120 (9th Cir. 2005). "Once the defendants have met this initial burden, the

14    burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by

15    explaining why a prior dismissal should not count as a strike." *Id.* at 1120.

16         Defendants claim Plaintiff suffered three or more qualifying strikes under Section

17    1915(g): (1) *Daniels v. Marshall*, No. C 92-2318 VRW (dismissed as frivolous); (2)

18    *Daniels v. Pomerleau*, No. C 93-1164 VRW (dismissed for failure to state a claim); (3)

19    *Daniels v. Vaughn*, No. CV-F-99-6611-AWI-SMS-P (dismissed for failure to exhaust

20    administrative remedies); (4) *Daniels v. Schroeder*, No. CV-F-99-6717 (voluntary

21    dismissal); (5) *Daniels v. Vaughn*, No. 02-15754 (voluntary dismissal of appeal); (6)

22    *Daniels v. Long*, No. 93-0506 VRW (dismissed for failure to timely amend complaint);

23    (7) *Daniels v. Smalls*, No. C 97-4713 (dismissed for failure to file timely IFP

24    application); (8) *Daniels v. Moran*, No. CV-F-98-5044-SMS-P (dismissed for failure to

25    comply with court order). (Def. Req. for Judicial Not., Exs. A-H.)

26         Of these previous dismissals, the Court finds that only the first two, *Daniels v.*

27    *Marshall* and *Daniels v. Pomerleau*, qualify as strikes to warrant IFP disqualification

28    within the meaning of Section 1915(g). None of the other actions cited by Defendants

1   were dismissed on the basis of being frivolous, malicious or failing to state a claim.  *See*

2   *Andrews*, 398 F.3d at 1121.  ("Not all unsuccessful cases qualify as a strike under

3   § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when,

4   after careful evaluation of the order dismissing an action, and other relevant information,

5   the district court determines that the action was dismissed because it was frivolous,

6   malicious or failed to state a claim.")  The motion to dismiss is therefore DENIED

7   (docket no. 8).

8   **II.     MOTION TO APPOINT COUNSEL**

9        Plaintiff asks the court to appoint counsel for the purpose of serving the complaint

10   on Defendant Hildredge.  *See* Mot. for Appointment of Counsel.  However, there is no

11   constitutional right to counsel in a civil case unless an indigent litigant may lose his

12   physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452

13   U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no

14   constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on*

15   *reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney

16   to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

17        The decision to request counsel to represent an indigent litigant under § 1915 is

18   within "the sound discretion of the trial court and is granted only in exceptional

19   circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

20   the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation

21   of the likelihood of the plaintiff's success on the merits and an evaluation of the

22   plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

23   issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103

24   (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

25   Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these

26   factors must be viewed together before reaching a decision on a request for counsel

27   under § 1915.  *See id.*  At this stage of the proceedings, Plaintiff has neither established a

28   likelihood of success on the merits nor does it appear that the issues are particularly

complex at this time.  Furthermore, Plaintiff has established through the submission of various documents in this case that he is more than capable of representing himself at this time in the proceedings.  As such, Plaintiff's motion is DENIED without prejudice (docket no. 10).

## III.    MOTIONS FOR SERVICE OF PROCESS

Plaintiff also requests "followup" service of process on Defendant Hildredge, citing the United States Marshal's Notice of Service, dated October 13, 2004, which states that SVSP "was unable to locate this individual."  (Req. for Followup Service of Process, Ex. 1.)  Plaintiff contends that Hildredge is a sergeant and was employed at SVSP.  Plaintiff has identified this defendant as H. Hildredge in the complaint.  With this additional identifying information, the Court grants Plaintiff's request for service of process and hereby orders service of the complaint on Defendant H. Hildredge, as set forth below.  (Docket no. 11.)  The Court also grants Plaintiff's request for an extension of time to serve Defendant Hildredge within thirty (30) days of the date of this order. (Docket no. 12.)

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.    Defendants' motion to dismiss is DENIED (docket no. 8).

2.    Plaintiff's motion for appointment of counsel is DENIED (docket no. 10).

3.    Plaintiff's request for service of process on Defendant H. Hildredge is GRANTED, and Plaintiff shall have an extension of thirty days from the date of this order to complete service on Hildredge.  (Docket nos. 11, 12.)

4.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Correctional Officer H. Hildredge of Salinas Valley State Prison.**  The Clerk shall also serve a copy of this order on Plaintiff.

5.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **sixty (60) days** from the date of this order, Defendants

1   shall either file a motion for summary judgment or other dispositive motion, or a notice

2   to the Court that they are of the opinion that this matter cannot be resolved by dispositive

3   motion.  The motion shall be supported by adequate factual documentation and shall

4   conform in all respects to Federal Rule of Civil Procedure 56.

5   **_Defendants are advised that summary judgment cannot be granted, nor_**

6   **_qualified immunity found, if material facts are in dispute.  If defendant is of the_**

7   **_opinion that this case cannot be resolved by summary judgment, they shall so_**

8   **_inform the Court prior to the date their summary judgment motion is due_**.

9   All papers filed with the Court shall be promptly served on the Plaintiff.

10   b.  Plaintiff's opposition to the dispositive motion shall be filed with the

11   Court and served on Defendants no later than **thirty (30) days** from the date Defendants'

12   motion is filed.  The Ninth Circuit has held that the following notice should be given to

13   Plaintiff:

14   The defendants have made a motion for summary  judgment
     by which they seek to have your case dismissed.  A motion for

15   summary judgment under Rule 56 of the Federal Rules of Civil
     Procedure will, if granted, end your case.

16   Rule 56 tells you what you must do in order to oppose
     a motion for summary judgment.  Generally, summary

17   judgment must be granted when there is no genuine issue of
     material fact--that is,  if there is no real dispute about any fact

18   that would affect the result of your case, the party who asked
     for summary judgment is entitled to judgment as a matter of

19   law, which will end your case.  When a party you are suing
     makes a motion for summary judgment that is properly

20   supported by declarations (or other sworn testimony), you
     cannot simply rely on what your complaint says.  Instead, you

21   must set out specific facts in declarations, depositions,
     answers to interrogatories, or authenticated documents, as

22   provided in Rule 56(e), that contradict the facts shown in the
     defendant's declarations and documents and show that there

23   is a genuine issue of material fact for trial.  If you do not
     submit your own evidence in opposition, summary judgment,

24   if appropriate, may be entered against you.  If summary
     judgment is granted in favor of defendants, your case will be

25   dismissed and there will be no trial.

26   *Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

27   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

28   *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary

judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

    7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: September 29, 2005

_____
JEFFREY S. WHITE
United States District Judge